(R.D. 11539)

TAKARA COMPANY (NEW YORK) INC. CARMICHAEL INTERNATIONAL SERVICE } *v.* UNITED STATES

Entry Nos. 246347 ; 238607.

(Decided June 6, 1968)

*Norman J. Bergman* for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

WATSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties herein:

It is hereby stipulated and agreed by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the merchandise described on the invoices as barber chairs, mechanical hair dressing beauty chairs, and parts for all of the foregoing.

2. That the merchandise covered hereby was entered for consumption after February 27, 1958, the effective date of Section 2 of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T. D. 54165); that none of the merchandise is identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act (T.D. 54521); that appraisement was accordingly made under Section 402, Tariff Act of 1930, as amended by the Customs Simplification Act.

3. That at the time of exportation to the United States of the merchandise under consideration, barber chairs numbers 700, 5 and 560, were freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at the following prices:

> Chair No. 700 at $110.99 net, packed
> Chair No. 5 at $103.36 net, packed
> Chair No. 560 at $142.88 net, packed

4. That as to all chairs other than those listed in Par. 3, and as to parts for all of the chairs, including those listed in Par. 3, at the time of exportation to the United States of the merchandise under consideration, such or similar merchandise was not freely sold or offered for sale in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade for exportation to the U.S.; and such or similar imported merchandise was not sold or offered for sale in the principal market of the United States for domestic consumption in the same condition in which they were imported.

5. That the constructed values of the chairs and parts thereof which are not listed under Par. 3 are the C.I.F. Invoice unit prices less ocean freight and insurance, plus 4½% packed.

6. That these appeals to reappraisement may be submitted on this stipulation and are limited to the merchandise and issues described above and are abandoned in all other respects.

On the agreed facts, I find and hold that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for barber chairs numbered 700, 5, and 560, and that said value is as follows:

> No. 700 at $110.99 net, packed
> No. 5 at $103.36 net, packed
> No. 560 at $142.88 net, packed

and that constructed value, as that value is defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value as to all chairs and parts other than numbers 700, 5, and 560, and parts for all of the chairs including numbers 700, 5, and 560, and that said value is at the c.i.f. invoice unit prices, less ocean freight and insurance, plus 4½ percent, packed. As to all other items of merchandise, the appeals for reappraisement, having been abandoned, are dismissed.

Judgment will be entered accordingly.